J. S16045/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,     :     IN THE SUPERIOR COURT OF
    :     PENNSYLVANIA
           Appellee     :
    :
           v.     :
    :
DAVID L. SPARKS,     :
    :
           Appellant     :     No. 900 EDA 2015

Appeal from the PCRA Order March 18, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001327-2007

BEFORE: OTT, J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY DUBOW, J.:            **Filed March 21, 2016**

Appellant, David Sparks, appeals from the order entered in the Philadelphia Court of Common Pleas dismissing his second petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely. We affirm on the basis of the trial court's opinion.

On May 1, 2008, following a bench trial, the Honorable Sheila Woods-Skipper found Appellant guilty of First Degree Murder, Firearms Not to be Carried Without a License, Possession of a Firearm by a Minor and Possession of an Instrument of Crime in connection with a crime committed when he was 16 years old. On May 23, 2008, Appellant was sentenced, *inter alia*, to a mandatory term of life imprisonment without parole on the murder conviction.

On June 2, 2008, Appellant filed a timely Post-Sentence Motion. The trial court took no action on the Post-Sentence Motion, and Appellant's motion was deemed denied by operation of law on September 30, 2008. Appellant did not file a direct appeal.

Appellant filed a timely *pro se* PCRA petition on June 2, 2009, which was amended after the appointment of counsel. The PCRA court filed a notice of its intent to dismiss the petition without a hearing, and on May 4, 2012, dismissed the petition. On appeal, we affirmed the dismissal. **See Commonwealth v. Sparks**, No. 1368 EDA 2012 (Pa. Super. filed February 20, 2014) (unpublished memorandum). Our Supreme Court denied allocator on September 30, 2014.

On November 10, 2014, Appellant filed the instant second PCRA petition claiming he met the newly discovered evidence exception to timeliness with his "discovery" of additional witnesses. Trial Court Op., dated 5/13/15, at 2. On February 25, 2015, the PCRA court filed a notice of intent to dismiss without a hearing and on March 18, 2015, dismissed the Petition as untimely.

Appellant timely appealed, raising the following two issues:

a. Whether the PCRA court erred by determining that the defendant's Post Conviction Relief Act petition was untimely because the defendant's PCRA petition falls within the "after-discovered evidence" exception to the timeliness requirement pursuant to 42 Pa.C.S. § 9545(b)(1)(ii).

b. The PCRA court erred by failing to grant the defendant a PCRA evidentiary hearing because the unavailable witness' testimony

> directly contradicted the testimony of the Commonwealth witnesses Markita Reddy and Kalisha Reddy.

Appellant's Brief at 2 (capitalization removed).

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa.Super. 2003) (*en banc*). Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA petition. ***See Commonwealth v. Hackett***, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA petition is a jurisdictional requisite).

Under the PCRA, any PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking the review." 42 Pa.C.S. §9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***Commonwealth. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Here, because Appellant filed the instant petition five years after his judgments of sentence became final, it is facially untimely under the PCRA.

Pennsylvania courts may consider an untimely PCRA petition if the appellant can explicitly plead and prove one of the three exceptions set forth in 42 Pa.C.S. § 9545(b), which provides the following:

**(b) Time for filing petition.**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2). ***See, e.g., Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000) (applying sixty-day timeframe after reviewing specific facts that demonstrated the claim was timely raised).

Here, Appellant attempts to invoke the timeliness exception under Section 9545(b)(1)(ii), presenting three witnesses as after discovered evidence.

J. S16045/16

The Honorable Sheila Woods-Skipper has authored a comprehensive, thorough, and well-reasoned opinion, citing to the record and relevant case law in addressing Appellant's claims on appeal. After a careful review of the parties' arguments, and the record, we affirm on the basis of that Opinion. **See** PCRA Court Opinion, filed 5/13/15, at 2-7 (holding that Appellant failed to timely file the instant petition and failed to invoke an exception to PCRA time-bar for any of the three "newly discovered" witnesses).[1]

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2016

---

[1] On February 4, 2016, Appellant filed an Application for Post Submission Communication with this Court and submitted a copy of the recent United States Supreme Court decision, **Montgomery v. Louisiana**, 2016 WL 280758 (U.S. Jan. 25, 2016). Because Appellant had not raised an illegal sentence claim in the instant PCRA petition, we denied the Application without prejudice to raise the claim in a timely PCRA petition. **See** Order, dated 2/11/16.

- 5 -

PHILADELPHIA COURT OF COMMON PLEAS **FILED**
CRIMINAL TRIAL DIVISION

MAY 1 3 2015

COMMONWEALTH OF PENNSYLVANIA :

**Post Trial Unit**

VS.  CP-51-CR-0001327-2007 Comm. v. Sparks, David L
Opinion

CP-51-CR-0001327-2007

David Sparks

7294079431

DOCKET NO.:  900 EDA 2015 :

**Opinion**

Appellant, David Sparks, seeks relief pursuant to the Post Conviction Relief Act, 42
P.a.C.S. §§9541 et seq. (PCRA). Following a thorough review of the submissions of counsel, the
record and the applicable case law, the Court dismisses the petition as untimely. The relevant
factual and procedural history follows.

On May 1, 2008, Appellant was convicted of First Degree Murder, Firearms Not to be
Carried Without a License, Possession of a Firearm by a Minor and Possession of an Instrument
of Crime at a waiver trial before the Court.[1] On May 23, 2008, Appellant was sentenced to an
aggregate sentence of life in prison. Appellant filed a timely post-sentence motion on June 2,
2008. Appellant did not file a direct appeal and Appellant's sentence became final on October
30, 2008.

On June 2, 2009, Appellant submitted a timely Pro Se PCRA petition. PCRA counsel
was appointed on September 10, 2009 and filed an amended petition on February 8, 2011. On
May 30, 2011, the Commonwealth filed a motion to dismiss. On March 23, 2012, the Court
gave notice of its intent to dismiss and dismissed the petition on May 4, 2012. Appellant then
filed a Notice of Appeal on May 9, 2012 and the Superior Court affirmed the dismissal on

---

1 18 § 2502, 18 § 6106 §§ A1, 18 § 6110.1 §§ C and 18 § 907 §§ A.

**EXHIBIT "A"**

February 20, 2014. The Supreme Court denied allocatur on September 30, 2014.

On November 10, 2014, Appellant filed an untimely second PCRA petition claiming that he met the newly discovered evidence exception to timeliness through the discovery of an additional witness, Terrell Hood, who was not called at trial. Alternatively, Appellant argued that he should be granted a habeas petition because the PCRA is unconstitutional. Appellant sought an evidentiary hearing and a new trial. Attached to the petition was a certification from Nick Kato, an investigator for the Pennsylvania Innocence Project, stating that a person identifying himself as Terrell Hood called Mr. Kato and reported that Appellant was standing next to him during the murder and Appellant did not shoot the decedent.

On December 3, 2014, the Court filed a notice of intent to dismiss reasoning that the Appellant failed to make a prima facie showing that he was entitled to relief because his claims were only supported by inadmissible hearsay. On December 17, 2014, Appellant responded to the notice of intent to dismiss asserting that he substantially complied with the applicable rules and that he met his burden of proof. Appellant also requested a time extension to file supplements to his petition. On January 5, 2015, the Court granted Appellant's request for a time extension which allowed Appellant until February 10, 2015 to file supplements.

On January 6, 2015, a supplement was submitted which identified Mr. Nael Reddy and Ms. Shania McPherson as witnesses who had exculpatory evidence that allegedly met the newly discovered evidence exception. Attached to this supplement were certifications from Mr. Kato. The first certification stated that Mr. Kato called a person identifying herself as Ms. McPherson and she stated she did not see the shooting, but she knew that two Commonwealth witnesses could not have seen the shooting due to their location inside a store near the crime scene and the condition of the store windows. The second certification contained an interview by Mr. Kato

2

with Mr. Reddy at SCI Graterford. Mr. Reddy's proposed testimony contained only hearsay concerning an alleged conspiracy between the decedent's mother and the mother of two Commonwealth witnesses. On February 9, 2015, Appellant submitted a final amended petition which consolidated the arguments previously raised and also filed a motion to compel discovery. Appellant attached three witness certifications from Mr. Kato and one from Mr. Reddy and a memorandum of law in support of the final amended petition. On February 25, 2015, after reviewing all of the submissions of counsel, materials and applicable case law, the Court filed a notice of intent to dismiss. On March 13, 2015, Appellant filed a response in support of his claims which asserted that he complied with the applicable rules and also requested an additional ninety days to investigate the claims. On March 18, 2015, the Court denied the ninety day time extension and dismissed the petition as untimely. This appeal followed.

As a threshold matter, the Court must determine if the Appellant's claims are timely. "Pennsylvania courts lack jurisdiction to entertain untimely PCRA petitions." Commonwealth v. Hall, 771 A.2d 1232, 1234 (Pa. 2001). The PCRA states that, "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition [falls within an enumerated exception.]" 42 P.a.C.S. § 9545(b)(1).

This petition is facially untimely. Appellant's sentence became final on October 30, 2008 and this second petition was filed on November 10, 2014. To overcome this, Appellant asserts that his claims meet the newly discovered evidence exception to the timeliness requirement. See 42 Pa.C.S. § 9545(b)(1)(ii). The exception, "'requires [appellant] to allege and prove that there were 'facts' that were 'unknown' to him' and that he could not have ascertained those facts by the exercise of 'due diligence.'" Commonwealth v. Marshall, 947 A.2d 714, 720

3

(Pa. 2008) (citation omitted). "Due diligence demands that the [appellant] take reasonable steps to protect his own interests. [An appellant] must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." Commonwealth v. Medina, 92 A.3d 1210, 1216 (Pa. Super. 2014) (citation omitted); see also Commonwealth v. Brown, 111 A.3d 171 (Pa. Super. 2015) (denying relief when Appellant failed to make a showing of diligence). In addition to these requirements, the claims must be filed within sixty days of when they could first be filed. Marshall, 947 A.2d at 719-20; 42 Pa.C.S.A. § 9545(b)(2). Finally, hearsay does not meet the requirements of the newly discovered evidence exception. Commonwealth v. Abu-Jamal, 941 A.2d 1263, 1269-70 (Pa. 2008).

Instantly, Appellant asserts that the testimony of three witnesses would have helped exonerate him at trial, but Appellant fails to meet the requirements of the exception. Appellant, in his amended petition, makes the bald assertion that he was diligent and could not procure the three witnesses' testimony unless they came forward. Appellant's first witness, Terrell Hood, proposed to testify that he was standing next to the Appellant during the shooting. Assuming arguendo that this is true, it follows that the Appellant was on notice that the person standing next to him during the crime existed prior to trial. No explanation is given as to why he was not found earlier. The second witness, Shania McPherson, proposed to testify that she was inside a store along with two Commonwealth witnesses during the shooting. Appellant acknowledges that Ms. McPherson was interviewed by police around the time of the shooting, but Appellant offers no explanation as to why her testimony could not be obtained earlier if he had been diligent. Finally, Nael Reddy, who is apparently a cousin of the two Commonwealth witnesses, proposed to testify that his aunt, cousins, and the decedent's mother framed the Appellant. Again, there is no explanation as to why his testimony could not have been procured earlier.

4

Furthermore, Mr. Reddy's proposed testimony was hearsay which did not meet the requirements of the newly discovered evidence exception.

Appellant's only attempt at explaining his lack of diligence was that he has been continually incarcerated since his arrest which has put restrictions on his ability to communicate or conduct research. However, the Court notes that Appellant has been represented by counsel throughout the length of this case and has had a prior counseled PCRA petition. It should also be noted that, at trial, the Court colloquied the Appellant as to whether he wanted to introduce additional witnesses. N.T. 5/1/08 at 72. Appellant stated that there were no other witnesses he wanted to introduce. Id. at 73. Therefore, for the previously stated reasons, Appellant failed to meet the requirements of the newly discovered evidence exception and the Court lacks jurisdiction to hear his claims.

Additionally, the Court notes that Appellant has not complied with the rules regarding witness certifications when requesting an evidentiary hearing. In order to request an evidentiary hearing, Appellant must submit signed certifications containing witnesses' names, addresses and dates of birth along with a description of the intended testimony. Commonwealth v. Pander, 100 A.3d 626, 639-42 (Pa. Super. 2014); 42 Pa.C.S. § 9545(d)(1). At a minimum, either the Appellant or his attorney must sign the certification. Pander, 100 A.3d at 639-42. "Failure to substantially comply with the requirements ... shall render the proposed witness's testimony inadmissible." 42 Pa.C.S. § 9545(d)(1).

From his response to the notice of intent to dismiss, it appears that despite citing the correct statute and case law, Appellant is confused about what information the witness certification must contain. The certifications for Mr. Hood and Ms. McPherson contain the proposed witnesses' names, but do not contain their addresses or dates of birth. Instead, the

5

certifications contain the name, address and date of birth of Nick Kato, the investigator. Furthermore, the certifications are signed by Mr. Kato instead of the witnesses, Appellant or PCRA counsel. It appears that Appellant labors under the assumption that Mr. Kato is the witness for the purposes of the certification. This presents a problem because he cannot testify in place of Mr. Hood and Ms. McPherson due to the rules against hearsay. Therefore, Appellant has failed to comport with the applicable requirements for two of the three proposed witnesses even after citing the requirements. Thus, the testimony of Mr. Hood and Ms. McPherson is inadmissible under 42 P.a.C.S. § 9545(d)(1).

Finally, Appellant's alternative argument has no merit. Appellant cites Commonwealth ex rel. Dadario v. Goldberg, 773 A.2d 126, 131, fn. 5 (Pa. 2001) for the proposition that the PCRA unconstitutionally abrogates habeas corpus rights for claims cognizable under the PCRA. Appellant essentially argues that he should be granted a habeas petition because his claims are untimely under the PCRA. It is well settled that the timeliness requirements of the PCRA are constitutional. Commonwealth v. Brown, 943 A.2d 264, 267-68 (Pa. 2008) (citing Commonwealth v. Peterkin, 722 A.2d 638, 642 (Pa. 1998)) (noting that the Court has held the time limits of the PCRA are constitutional). It is also settled that habeas petitions are only available where the PCRA does not provide a remedy. Commonwealth v. Taylor, 65 A.3d 462, 465-66 (Pa. Super. 2013)

Appellant's untimely claims are clearly cognizable under the PCRA because he alleges in his petition that his claims meet the after-discovered evidence exception. A habeas petition is not a method to bypass the PCRA timeliness requirements. See Commonwealth v. Kutnyak, 781 A.2d 1259, 1261 (Pa. Super. 2001) (citing Commonwealth v. Fahy, 737 A.2d 214, 223-224 (Pa. 1999)) ("Simply because the merits of the PCRA petition cannot be considered due to

6

previous litigation, waiver, or an untimely filing, there is no alternative basis for relief outside the framework of the PCRA"). Because the claims are untimely, but cognizable under the PCRA, Appellant's alternative argument is meritless.

Because Appellant's PCRA petition is untimely and does not meet any exception, the Court has no jurisdiction. Therefore, the Court properly dismissed Appellant's PCRA petition.

BY THE COURT:

SHEILA WOODS-SKIPPER, PJ

7